UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CORY ALVAREZ,

    Plaintiff,

v.                                                          Case No: 8:21-cv-7-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff's attorney moves the court to award attorney's fees pursuant to 42 U.S.C. § 406(b). (Motion, Dkt. 26.) Defendant does not oppose the Motion. (Dkt. 27.) Upon consideration, the Motion is granted.

## BACKGROUND

On January 4, 2021, Plaintiff filed a Complaint seeking review of the denial of his claim for Social Security benefits. (Dkt. 1.) On August 10, 2021, the court entered its order granting the Commissioner's Unopposed Motion for Entry of Judgment with Remand (Dkt. 19) and remanding the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Dkt. 22.) Judgment was entered in Plaintiff's favor the following day, on August 11, 2021. (Dkt. 23.) Plaintiff requested prevailing party attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, and was awarded $884.68 in attorney's fees. (Dkt. 25.) On remand, the Commissioner issued a favorable decision finding Plaintiff disabled as of October 12,

2017. From Plaintiff's award of past-due benefits, the SSA withheld $19,271.50, which is 25% of Plaintiff's past-due benefits, for the payment of Plaintiff's legal fees. (Dkt. 26-2.) In the Motion, Plaintiff's attorney seeks an award of attorney's fees of $4,250 pursuant to 42 U.S.C. § 406(b) and a contingency fee agreement with Plaintiff. (Dkt. 26-1.) Defendant does not oppose the Motion. (Dkt. 27).

## APPLICABLE STANDARDS

"Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The single "boundary line" to which courts must adhere is that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* For fees sought within the "25 percent boundary," a movant must show "that the fee sought is reasonable for the services rendered." *Id.*

## ANALYSIS

Plaintiff's attorney seeks a contingency fee award of $4,250 for the time spent on this appeal. (Dkt. 26-1.) Plaintiff's attorney argues that the requested fee should

Case 8:21-cv-00007-JSS   Document 28   Filed 09/25/23   Page 3 of 5 PageID 405

be approved pursuant to the contingency fee agreement with Plaintiff and that he has spent a total of 4.25 hours litigating this matter on behalf of Plaintiff. (Dkts. 26-1, 26-3.) The court previously awarded Plaintiff's attorney $884.68 in EAJA fees. (Dkt. 26.) Pursuant to his contingency fee agreement with Plaintiff, Plaintiff's attorney agreed to "refund fees received under the Equal Access to Justice Act." (Dkt. 26); *see Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (quotation omitted).

In assessing the reasonableness of a § 406(b) fee, courts consider whether the retainer agreement contains a fee agreement and whether the sum requested is less than 25% of the awarded retroactive benefits. *See Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-FtM-29DNF, 2007 WL 1498115, at *1 (M.D. Fla. May 14, 2007) (citing *Gisbrecht*, 535 U.S. at 807–08 and awarding the requested contingency fee under § 406(b) because the plaintiff agreed to pay his counsel 25 percent of any awarded retroactive benefits under the retainer agreement and the sum requested was less than 25 percent of the awarded retroactive benefits). Courts also consider "the character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808.

Here, Plaintiff agreed to pay his attorney 25 percent of the amount of past-due benefits Plaintiff was awarded by the SSA and the requested fee of $4,250 does not

- 3 -

exceed that amount. (Dkt. 26-1.) Additionally, counsel's representation of Plaintiff resulted in the court's order reversing and remanding the case back to the Commissioner of Social Security. (Dkts. 22, 23.) The Commissioner of Social Security subsequently entered an order finding Plaintiff disabled on remand. (Dkt. 26.) Upon review of the docket, the court also does not find that Plaintiff's attorney was responsible for delay in this matter, such that counsel would "profit from the accumulation of benefits during the pendency of the case in court." *See Gisbrecht*, 535 U.S. at 808.

Further, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is [] in order." *Id.* However, this factor alone does not provide a sufficient basis for reducing the requested fee figure. *Gossett v. Soc. Sec. Admin., Comm'r*, 812 F. App'x 847, 850 (11th Cir. 2020) ("*Gisbrecht* expressly rejected exclusive use of the lodestar method to assess the reasonableness of attorney's fees [and] the district court's reliance on only the lodestar method was an abuse of discretion."). Upon consideration, the court finds that the requested contingency fee here is not unreasonable, and indeed, courts in this district have approved contingency fees that exceed the hourly rate requested by Plaintiff's attorney. *See, e.g., Couture v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-2428-CPT, 2021 WL 3665854, at *4 (M.D. Fla. Aug. 18, 2021) (approving de facto hourly rate of approximately $1,390); *Amador v. Acting Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2–3 (M.D. Fla. May 28, 2019) (approving de facto hourly rate of approximately $1,300 after reimbursement of the EAJA fee, and collecting cases); *Peterson v. Comm'r of Soc. Sec.*,

No. 6:16-cv-948-Orl-40GJK, 2018 WL 3650034, at *2 (M.D. Fla. June 19, 2018) (approving a de facto hourly rate of approximately $2,000).

Accordingly,

1. Plaintiff's Attorney's Unopposed Motion for an Award of Attorney's Fees Under 42 U.S.C.A. § 406(b) (Dkt. 26) is **GRANTED**.

2. The court approves the attorney's fees requested by counsel as reasonable. Plaintiff's attorney, Martin Cohen, is awarded $4,250 in fees pursuant to 42 U.S.C. § 406(b).

3. Upon receipt of these funds, Plaintiff's attorney shall promptly refund to Plaintiff the previously awarded EAJA fees of $884.68.

**ORDERED** in Tampa, Florida, on September 25, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record